RAILROAD COMMISSION OF TEXAS ET AL. v. ST. LOUIS SOUTH-
WESTERN RAILWAY COMPANY OF TEXAS.

Decided March 2, 1904.

**1.—Railway—Sidings and Spurs—Railroad Commission.**

The Act of March 27, 1903, requiring railroads to build sidings and
spurs when ordered by the Railroad Commission, authorizes the commis-
sion to require such construction for public purposes only and free from
discrimination in favor of any individual.

**2.—Same—Preference in Use.**

An order of the Railroad Commission requiring a railway company to
lay a spur track to the premises of a lumber company, the latter furnishing
a graded right of way therefor, to be used by the lumber company for load-
ing and shipping carload freight, with right of the railway to use same for
the business of other shippers if it could be done without inconvenience to
the business of the lumber company, contemplated a construction of track
with preference to the individual shipper contributing to build it, not one
to be used by the public without discrimination, as required of common car-
riers by the Constitution (art. 10, sec. 2), and the Railroad Commission could
be enjoined from enforcing such order.

Appeal from the District Court of Travis.  Tried below before Hon.
R. L. Penn.

C. K. Bell, Attorney-General, and E. J. Mantooth, for appellants.

E. B. Perkins, H. B. Marsh, and S. R. Fisher, for appellee.

KEY, ASSOCIATE JUSTICE.—The nature and result of this suit are
correctly stated in the Attorney-General's brief, as follows:

"On the 12th day of August, 1903, the Railroad Commission of
Texas made, promulgated and issued an order by which it directed that
when the Angelina County Lumber Company had constructed a road-
bed for a side track about 1000 feet long, running between the mill of
said lumber company and appellee's right of way, and had furnished
the ties ready for the laying of the iron thereon, as well as the right of
way, free of cost to the appellee, that appellee should furnish the iron
for said side track and lay the same, and should operate said side track
for the receiving and discharging of all freight tendered to it for trans-
portation to and from all points on said track.

"On the 2d day of September, 1903, the said Railroad Commission
of Texas amended the aforesaid order, and by said amended order re-
quired the appellee to furnish, at its own cost and expense, the neces-
sary material, including rails, switch fixtures, spikes, fastenings, etc.,
and the labor necessary to lay said side track, in accordance with a cer-
tain map or plat which had theretofore been filed with the commission,
and requiring the Angelina County Lumber Company, at its own cost
and expense, to do all of the grading required for said track, in such
manner as might be directed by the appellee, and also to prepare grades
in proper manner for laying track thereon, including drain boxes,
bridges, cattle guards and road crossings.  It further required the An-

gelina County Lumber Company to furnish all the land necessary for the right of way for said track, outside of such of the right of way as was on the land of appellee, free of all damages to adjacent or abutting property by reason of the construction and maintenance of said track, and the operation thereon of engines, trains and cars.

"Said order further required the said Angelina County Lumber Company, at its own cost and expense, to furnish all the cross-ties, switch-ties and bridge timbers required for the construction of said side track and which might be required for renewals or repairs thereafter. The materials furnished by the appellee were to remain its property.

"Said side track, when completed, was, by the order of said commission, to be used by the Angelina County Lumber Company for the purpose of loading and shipping carload freight, except that the appellee should have the right to use said track for its own purposes, or for the business of any other person or shippers, provided that the business of such other shippers could, in the judgment of appellee, be done on said track without serious detriment or inconvenience to the business of the Angelina County Lumber Company.

"Appellee was required to complete said side track for the use of the Angelina County Lumber Company by November 1, 1903, provided the said Angelina County Lumber Company should have completed said roadbed and furnished materials for the same within at least ten days before November 1, 1903, or thereafter the appellee should have ten days from the completion of said roadbed ready for track and materials furnished by the said Angelina County Lumber Company, in which to complete said side track ready for the use of the said Angelina County Lumber Company.

"A part of said side track would have been, if constructed, upon the right of way or land of the appellee, and a part of it upon the land of the Angelina County Lumber Company. The Angelina County Lumber Company complied with the order of the Railroad Commission, and procured for appellee the right of way over that part of the land which was not upon the appellee's right of way, and also complied with the other provisions of the order requiring it to grade and otherwise prepare the land for the appellee.

"Appellee thereupon demanded that the Angelina County Lumber Company should execute a contract by which it would agree, among other things, to indemnify the appellee for any damages which might result in the operation of its trains on the said siding, which the Angelina County Lumber Company refused to do. The appellee then refused to comply with the said order, or to construct said side track in accordance therewith.

"This suit was brought by the appellee in the District Court of Travis County against the Railroad Commission of Texas and the Angelina County Lumber Company, for the purpose of enjoining and restraining the Railroad Commission of Texas from enforcing or in any manner carrying out its said order requiring appellee to construct and build

said side track, and for the purpose of having said order found and decreed by the court to be unreasonable, unfair, unjust and unlawful, and canceled, set aside and held for naught.

"The trial was had before the court without a jury, and judgment was rendered in favor of the appellee, from which judgment an appeal was taken to this honorable court."

*Opinion.*—By an act of the Legislature, approved March 27, 1903, all railroads in this State are required to build sidings and spur tracks sufficient to handle the business tendered such roads, when ordered to do so by the Railroad Commission; and it is contended by the Attorney-General that the act referred to authorized the Railroad Commission to make and enforce the orders complained of and enjoined by the court below.

Counsel for appellees attack the validity of the act of the Legislature, and in addition thereto, contend that if the act be valid, a proper construction of it does not authorize the Railroad Commission to make and enforce the orders here complained of. Section 2 of article 10 of our State Constitution declares that "railroads heretofore constructed, or which may hereafter be constructed in this State, are hereby declared public highways, and railroad companies common carriers."

This clear and unambiguous provision of the fundamental law of the State fixes the status of railroads within the State, which status can not be changed by the Legislature, the Railroad Commission, or anyone else  This being the case, we think the act of the Legislature referred to should be construed as conferring power upon the Railroad Commission to require the construction of sidings and spur tracks for public uses only, and free from discrimination in favor of any particular individual.

Therefore, we hold that the Railroad Commission exceeded its authority when it undertook to compel the railroad company to construct a side track for the preferential use of the Angelina County Lumber Company, as stipulated in the sixth paragraph of the amended order.

Railroads are required by statute law of this State to ship freight in the order in which it is received, and are prohibited from making unreasonable discriminations between shippers; and we do not believe it was the intention of the Legislature in enacting the statute under which the Railroad Commission made the orders referred to, to authorize violations of existing laws prohibiting discriminations. Rev. Stats., art. 4537.

The main authority relied on by the Attorney-General is Phillips v. Watson, 63 Iowa, 28.  That was a suit to enjoin certain condemnation procedings, instituted by a mine owner, for the purpose of establishing a public way from a railroad to his coal mine, under a statute authorizing the establishment of such ways. The terms of the statute are not set out, nor is it clear from the case as reported that the statute conferred any preferential rights as to the use of the way. However,

it is stated in the opinion that if the purpose and effect of the statute were to confer on the mine owner the exclusive right to use the way, the court would not hesitate to hold that the statute could not be sustained; because, under such circumstances, the property, if condemned, would be applied to a private and not a public use. We think that case sustains our ruling in this case, and we quote from the opinion as follows:

"And we think that it makes no difference that the mine owner may be the only member of the public who may have occasion to use the way after it has been established. The character of a way, whether it is public or private, is determined by the extent of the right to use it, and not by the extent to which that right is exercised. If all the people have the right to use it, it is a public way, although the number who have occasion to exercise the right is very small. And, where the use to which property is appropriated is a public use, the Legislature is the judge of the expediency of making the appropriation, and its action in making the appropriation can not be questioned in the courts. Bankhead v. Brown, 25 Iowa, 540, and cases there cited.

"We conclude, therefore, that a road or way established under the provisions of this statute is a public way, in the sense that the public may use and enjoy it in the way in which roads and highways are ordinarily used by it, and that the mine-owner who procured it to be established must use the special privileges which the act confers on him, in such manner as not to destroy this right of the public, or prevent its enjoyment."

In that case the court held that the statute authorizing the condemnation proceedings made provision for *public* way, and that the mine owner must use the special privileges conferred on him *in such manner as not to prevent its use by the public in the way in which roads and highways are ordinarily used.* In other words, that decision and the Iowa statute recognize the right of the public as paramount to the right of the individual; while the order of the Railroad Commission under review in this case has reversed that principle, and has made the right of the public secondary and subservient to the right of the Angelina County Lumber Company, a private individual.

If the railroad company had complied with the order of the Railroad Commission, it might have rendered itself liable to prosecutions for unlawful discriminations; and if it had constructed the side track and disregarded the provisions of paragraph 6 of the commission's order, it might have been subjected to litigation on account of such disregard.

Hence we hold that the final order of the Railroad Commission is unjust, and being in excess of the authority of that body, the judgment restraining its enforcement should be affirmed and it is so ordered.

*Affirmed.*

Writ of error was refused by the Supreme Court April 28, 1904, in a written opinion reported in 98 Texas, —.